UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES G. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01261-SEP |
| | ) | |
| EXECUTIVE DINING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Executive Dining LLC's Motion to Dismiss Plaintiff's Second Amended Complaint, which asks the Court to strike the Second Amended Complaint or, in the alternative, to dismiss it. Doc. [23]. The Motion is fully briefed. For the reasons set forth below, the Second Amended Complaint will not be stricken but will be dismissed.

### FACTS AND BACKGROUND

Plaintiff Charles Lewis, proceeding *pro se*, originally filed this action in state court on June 10, 2020. Doc. [3]. Defendant Executive Dining LLC removed the action on September 15, 2020.[1] Lewis alleges that Watlow Electric Manufacturing Company terminated his employment in violation of Title VII of the Civil Rights Act of 1964 after an employee of Defendant Executive Dining had a heated verbal exchange with him. Doc. [21] at 4. Plaintiff originally brought this action against 18 Defendants, but all Defendants except Executive Dining were dismissed for failure to timely serve under Rule 4(m). *See* Docs. [28], [30], [31].

Executive Dining filed its first Motion to Dismiss, Doc. [9], on September 22, 2020, which the Court denied as moot in light of Plaintiff's later-filed amended complaints. *See* Doc. [32]. Despite failing to request permission from the Court as required by Federal Rule of Civil Procedure 15, Plaintiff filed a Second Amended Complaint on January 29, 2021. Doc. [21]. On February 12, 2021, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint,

---

[1] Though the other named Defendants did not join in the removal, removal was proper because they had not been served at the time of removal. *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.").

1

asking the Court to strike the Second Amended Complaint for failure to comply with Rule 15, or alternatively, to dismiss the action. Doc. [23].

The Second Amended Complaint is disorganized and partially illegible. As the "Cause of Action," Plaintiff asserts: "Defendants conspired and succeeded in discrediting the plaintiff by using multiple torts in a workplace environment. (Conspiracy, Retaliation, Negligence, Violent Work Environment, Respondeat Superior, Scrutiny, Racial Discrimination, Gender Discrimination, Sex Discrimination, Wrongful Termination.)" Doc. [21] at 3. Plaintiff lists the parties and then separates the alleged facts by Defendant, attributing the following to Executive Dining:

### Facts III Executive Dining

> 13. In November of 2017, I was verbally assaulted by Executive Dining LLC's employee Ryan (last name unknown).
>
> 14. This act was conducted under the supervision of Frank (last name unknown)
>
> 15. Executive Dining CEO Greg Genesh & HR Diane Cox along with Angel Farley and Jake Anderson condone this behavior and did nothing to remedy the issue.

Doc. [21] ¶¶ 13-15; *see* Doc. [25] at 5 (stating that facts related to Executive Dining "fall under 'Facts III Executive Dining lines 13 thru 15.'"). It is not clear from the face of the Complaint which claims are brought against Executive Dining, but in his opposition to the Motion to Dismiss, Plaintiff states:

> My Petition clearly lists each company and defendant to their respective tort(s) or allegations. This is why JACKSON LEWIS defendants[2] fall under "Facts III Executive Dining" lines 13 thru 15. Even my **"Claims for Relief"** mention Executive Dining three times which are . . .
>
> - C. Workplace Violence. Respondeat Superior
> - F. State, Federal, and Company fiduciary duties

Doc. [25] at 5. Thus, the Court will evaluate Plaintiff's workplace violence, respondeat superior, and fiduciary duty claims against Executive Dining. While Plaintiff does not list Title VII and

---

[2] Plaintiff repeatedly refers to Executive Dining as well as all previously named Defendants who work for Executive Dining as "defendants represented by JACKSON LEWIS." Thus, Plaintiff likely intends for 'lines 13 thru 15' to provide the facts applicable to Executive Dining as well as all of the employee-Defendants, each of whom the Court dismissed for failure to serve.

2

conspiracy in his "Claims for Relief," the Court will also evaluate those claims because the Complaint is ambiguous, and Defendant presents arguments to dismiss both.[3]

## LEGAL STANDARDS

### I.   Motion to Strike

Federal Rule of Civil Procedure 15(a) provides that, if more than 21 days have passed since the service of a responsive pleading or a motion made under Rule 12(b), (e), of (f), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A court can refuse to grant leave to amend for a variety of reasons including "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has significant discretion in ruling on motions to strike. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("[I]t has always been understood that the district court enjoys liberal discretion." (internal quotation marks and citation omitted)). But "striking a party's pleading is an extreme measure" and the Eighth Circuit has cautioned that Rule 12(f) motions to strike "are viewed with disfavor and are infrequently granted." *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1997)).

### II.   Motion to Dismiss

The court must liberally construe pro se complaints. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Soloman v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, this does not mean that the procedural rules must be interpreted to excuses mistakes. Pro se plaintiffs "still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914 (citing *Cunningham v. Ray*, 648 F.2d 1185, 1886 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."));

---

[3] Further, under "conspiracy," Plaintiff states "*All defendants* were under an agreement." Doc. [21] ¶ 29 (emphasis added).

*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[The court] will not supply additional facts, nor will [it] construct a legal theory for a [pro se] plaintiff that assumes facts that have not been pleaded.").

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations are true and construes all reasonable inferences in favor of the nonmoving party.  *See Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.,* 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).  The Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Twombly,* 550 U.S. at 556.

## DISCUSSION

### I.      Motion to Strike

Plaintiff filed his original Complaint on June 10, 2020, Doc. [3], and Defendants moved to dismiss it on September 22, 2020.  Doc. [9].  Plaintiff then filed an Amended Complaint on January 22, 2021, Doc. [20], more than 21 days after the Defendant's filing of the Motion to Dismiss.  Plaintiff failed to obtain consent from Defendant or permission from the Court as required by Rule 15(a).  *See* Fed. R. Civ. P. 15(a).  He filed a Second Amended Complaint seven days later, again failing to obtain the Defendant's consent or the Court's permission.  Thus, both amended complaints were untimely filed.  Plaintiff's Second Amended Complaint is not

4

materially different from his previous complaints,[4] however. Thus, the Court finds Defendants will not be "undu[ly] prejudice[d]" if the Court permits the Second Amended Complaint to stand. *Dennis*, 207 F.3d at 525. Courts have "liberal discretion" in ruling on motions to strike, and the "drastic remedy" of striking pleadings is disfavored. *Stanbury Law Firm*, 221 F.3d at 1063 (quoting *Moore's Federal Practice* § 12.37[1] (3d ed. 2000)). Therefore, the Court will not strike the Second Amended Complaint and instead will address Defendant's Motion to Dismiss.

## II.     Motion to Dismiss

Executive Dining filed a Motion to Dismiss on February 12, 2021, arguing that each of Plaintiff's claims is subject to dismissal under Rule 12(b)(6). Dos. [23], [24]. In conjunction with his briefs in opposition to the Motion to Dismiss, see Docs. [25], [29], Plaintiff submitted two audio recordings of conversations with Watlow Manufacturing management and Defendant's HR representative, Diane Cox. *See* Doc. [26]. The Court must first decide whether consideration of the audio recordings is appropriate.

Rule 12(d) provides that, in ruling on a 12(b)(6) motion, a court generally cannot consider matters outside the pleadings, but it may consider materials "necessarily embraced by the pleadings," *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quotation omitted), and "incorporated by reference or integral to the claim." *Dittmer Props., LP v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quoting *Miller v. Redwood Toxicology Lab'y. Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)). If a court chooses to consider additional evidence, it must convert the motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). But "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Casazza v. Kiser,* 313 F.3d 414, 417 (8th Cir.2002) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999)). For example, if the Court declines to consider the additional evidence, then the motion is not converted. *Id.*

The parties do not discuss whether the audio recordings can be considered in ruling on the Motion to Dismiss. "Most courts . . . view 'matters outside the pleadings' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *BJC Health Sys.*

---

[4] The facts alleged against Executive Dining are consistent in each Complaint. *See* Docs [3] ¶¶ 13-15; [20] ¶¶ 13-15; [21] ¶¶ 13-15.

*v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). That interpretation appropriately reflects the Eighth Circuit's consistent holding that a "12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the compliant." *Id.* at 687-88 (quoting *Gibb*, 958 F.2d at 816). After listening to the recordings, the Court finds that Plaintiff's audio recordings expand on—rather than "merely reiterate"—the facts alleged in the Complaint. *Id.* Both recordings contain additional facts not previously provided to the Court.

Plaintiff does not argue—and the Court does not find—that the audio recordings are incorporated by reference, integral to the claim, or necessarily embraced by the pleadings. Not only were the conversations themselves not identified in the Complaint, but the contents of the recordings were not alleged. Thus, they were not "necessarily embraced." *See Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016) (citing *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820 (8th Cir. 2013) (finding "documents whose contents are alleged in a complaint" to be necessarily embraced)). And simply alleging facts related to the content of the audio recordings is not enough to "incorporate[] by reference." *See Dittmer Props.*, 708 F.3d at 1021 (internal quotation marks and citation omitted). Further, Plaintiff did not "rel[y] heavily" on the audio recordings in his complaint because he did not mention the conversations with Watlow or Cox or the existence of the recordings. *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (internal quotation marks and citation omitted) (finding that a report was not integral because the complaint did not rely on it). Thus, Plaintiff's audio recordings are outside the pleadings and cannot properly be considered on a motion to dismiss.

In order to consider the audio recordings, the Court would have to convert the Motion to Dismiss into a summary judgment motion, which it declines to do. The parties do not request that the Motion be converted and present no argument as to the propriety of considering the audio files. Furthermore, discovery has not yet commenced. Therefore, the Rule 12(b)(6) analysis below is based on the face of the Second Amended Complaint, and not on the audio recordings submitted by Plaintiff with his opposition briefing.

### A. *Workplace violence*

Plaintiff brings a claim for "workplace violence," alleging in his "Claims for Relief" that "Management, supervisors, and Human resource department ignored Executive Dining's assault on me if not organized it." Docs. [21] ¶ 24. In his fact section, Plaintiff explains that "[i]n

6

November of 2017, [he] was verbally assaulted by Executive Dining LLC's employee Ryan (last name unknown)." *Id.* ¶ 13. In his opposition to the Motion to Dismiss, Plaintiff explains that his workplace violence claim is "better referred to as workplace assault." Doc. [25] at 5. He then cites to *Phelps v. Bross*, which defines assault as "any unlawful offer or attempt to injure another with the apparent ability to effectuate the attempt under circumstances creating a fear of imminent peril." 73 S.W.3d 651, 655 (Mo. Ct. App. 2002) (quoting *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. Ct. App. 1998)). Because Missouri law does not recognize a generalized tort for workplace violence or have a specific "workplace assault" action, the Court will liberally construe this claim as an assault claim.

To plead assault, a plaintiff must allege: "(1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent; and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011) (quoting *Phelps*, 73 S.W.3d at 655)). Plaintiff does not plead facts to support these elements. In fact, Plaintiff pleads only that the assault occurred, which is conclusory, and that it was committed by Ryan "verbally" in November of 2017. Doc. [21] ¶ 13. Even assuming those allegations are true, they do not support the three elements of an assault. *See Devitre*, 349 S.W.3d at 335. There are not enough facts pled to "state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Therefore, the "workplace violence" claim must be dismissed.

### B. *Respondeat Superior*

Plaintiff also brings a claim for "Respondeat Superior." Docs. [21] ¶ 25; [25] at 5. The Complaint states, in full: "Executive Dining assault on me clearly is an example of workplace assault where liability is with the employer against a customer." Doc. 21 ¶ 25. But respondeat superior is "not a cause of action but rather a theory under which an employer is held responsible for the misconduct of a[n] employee where that employee is acting within the course and scope of his employment." *Dibrill v. Normandy Assocs., Inc.*, 383 S.W.3d 77, 89 n.6. (Mo. Ct. App. 2012). Because it appears Plaintiff is attempting to bring a claim for the alleged "verbal assault," Plaintiff's respondeat superior claim is more appropriately described as a claim that Executive Dining is liable for its employee's assault on Plaintiff "under the theory" of respondeat superior. *See id.* The Court assumes this "assault" is the same verbal assault that is the basis of the

"workplace violence" claim. Because Plaintiff fails to adequately plead "assault," his respondeat superior argument also fails.

### C. *Fiduciary duty*

Plaintiff brings a claim for breach of fiduciary duty against Executive Dining, though he neglects to identify which fiduciary duty. Under Missouri law, "[w]hen breach of a fiduciary duty is asserted as a tort claim, . . . the proponent must establish that a fiduciary duty existed between it and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm." *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 381 (Mo. Ct. App. 2000). Under his "Claims for Relief," Plaintiff alleges that "Watlow Electric and Executive Dining fiduciary duties (which they use in practice under their own doctrine) apply to this case. Not to mention State and Federal fiduciary laws." Doc. [21] ¶ 27. No other facts are pled, but he does clarify in his opposition brief that:

> [i]n EXHIBIT B one could clearly hear Diane Cox say "I don't know what prompted any of this from Ryan, everything you're telling me is against each and every policy we have in place as a company . . . ." This is the fiduciary duty the plaintiff is claiming.

Doc. [29] at 3. The quote to which Plaintiff refers is from a recorded conversation with Diane Cox that this Court has already determined it cannot properly consider. Plaintiff "cannot change or add to the factual allegations in [his] complaint by including them in [his] opposition to the motion to dismiss," and, as such, facts first introduced in the opposition are not considered in evaluating the sufficiency of the complaint. *OS33 v. CenturyLink Commc'ns., L.L.C.*, 2018 WL 2267910, at *6 (E.D. Mo. May 17, 2018); *see also Country Mut. Ins. Co. v. Cronin*, 2013 WL 1282333, at *6 (E.D. Mo. Mar. 26, 2013) (citing *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, . . . simply by raising a point in a brief." (internal citations omitted))).

While the Court will not consider the audio recording itself, because Plaintiff is a self-represented litigant, the Court will consider the quotes contained in his opposition brief to the extent that they explain rather than supplement the allegations in his Second Amended Complaint. Even bolstered by that explanation, Plaintiff's allegations still fail to demonstrate that Defendant owed a fiduciary duty to Plaintiff. Stating fiduciary duties "apply to this case" is

8

conclusory, and because Plaintiff pleads no facts in support, any claim based on a supposed fiduciary duty must fail. *See K.T.*, 865 F.3d at 1057 (a complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" (quoting *Iqbal*, 556 U.S. at 678)); *Glick*, 944 F.3d at 717 (the court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts").

### D. *Title VII*

As discussed above, it is not clear whether Plaintiff alleged a Title VII claim against Executive Dining. Title VII "prohibit[s] employers from discriminating against employees." *Main v. Ozark Health, Inc.*, 959 F.3d 319, 323 (8th Cir. 2020). To bring a claim under Title VII, Plaintiff must allege an employment relationship with Defendant. *See Jacob-Mua v. Veneman*, 289 F.3d 517, 520-21 (8th Cir. 2002) (dismissing a Title VII claim because plaintiff was not employee). Plaintiff does not plead—and Defendant denies—that he was an employee of Defendant. Doc. [24] at 5. Thus, if Plaintiff intended to bring a Title VII claim, it is dismissed.

### E. *Conspiracy*

Under Missouri law, conspiracy requires that "two or more persons with an unlawful objective, after a meeting of the minds, committed at least one act in furtherance of the conspiracy, damaging the plaintiff." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997). Plaintiff alleges that all named Defendants, including Executive Dining, "were under an agreement with Angel Farley and Andrew Darr to use egregious tactics to discredit set [sic] plaintiff and all laws in claims for relief as in question under this conspiracy." Doc. [21] ¶ 29. Plaintiff includes no other facts related to this claim. To the extent Plaintiff attempted to bring a conspiracy claim against Executive Dining, the Court will assume he alleges conspiracy to commit all the alleged violations listed in his "Cause of Action," in addition to conspiracy to "discredit" Plaintiff. *See* Doc. [21] at 3.

Under Missouri law, "[i]f the underlying wrongful act alleged as part of a civil conspiracy fails to state a cause of action, the civil conspiracy claim fails as well." *EnviroTech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo. Ct. App. 2008). "A [conspiracy claim] will be dismissed if the plaintiff failed to plead a cause of action for the underlying tort." *Id.* at 587. Because the Court concluded Plaintiff failed to state a claim against Executive Dining for assault, respondeat superior, violation of a fiduciary duty, or violation of Title VII, his claims for conspiracy to commit those acts also fail. *See id; see, e.g.*, *Williams v. Mercantile Bank of St.*

9

*Louis NA*, 845 S.W.2d 78, 85 (Mo. Ct. App. 1993) ("Since the underlying fraud counts do not state a cause of action, the allegations that the acts constituting fraud were the result of a conspiracy cannot 'breathe life into a cause of action which was otherwise nonexistent.'" (quoting *Bockover v. Stemmerman*, 708 S.W.2d 179, 182 (Mo. Ct. App. 1986))).

The only possible conspiracy claims that remain are conspiracy to discredit Plaintiff or to commit the unlawful acts alleged against the other Defendants. To establish a civil conspiracy claim, Plaintiff must plead that two or more persons have an agreement or understanding, called a meeting of the minds. *See Prop. Tax Representative, Inc. v. Chatam*, 891 S.W.2d 153, 159 (Mo. Ct. App. 1995). To survive a motion to dismiss, Plaintiff must plead facts supporting that element. *See K.T.*, 865 F.3d at 1057. The Missouri Supreme Court has "articulate[d] that a meeting of the minds is 'a unity of purpose or a common design and understanding.'" *Bader Farms, Inc. v. Monsanto Co.*, 431 F. Supp. 3d 1084, 1097 (E.D. Mo. 2019) (quoting *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 781 (Mo. banc 1999)). Plaintiff has not alleged a meeting of the minds. Claiming there was "an agreement" between all Defendants is not enough in the absence of facts supporting that claim. *See id.*; *Glick*, 944 F.3d at 717. Thus, all potential conspiracy claims fail. Moreover, the conspiracy to discredit claim further fails because conspiracy requires an agreement to do "an unlawful act." *Prop. Tax Representative, Inc.*, 891 S.W.2d at 159. "[D]iscredit[ing]" Plaintiff is not an unlawful act. Doc. [21] ¶ 29.

Accordingly,

**IT IS HEREBY OREDERED** that Defendant's Motion to Dismiss the Second Amended Complaint (Doc. [23]) is **GRANTED in part** and **DENIED in part.** The request to strike is denied, but the Second Amended Complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. [22]) is **DENIED as moot**. All other requests for hearings are similarly **DENIED as moot**.

An appropriate Order of Dismissal will accompany this Memorandum and Order. Dated this 27th day of August, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE